**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4001

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIET NANETTE LITTLEJOHN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:10-cr-00273-RJC-1)

Submitted:  August 8, 2023                    Decided:  August 24, 2023

Before WILKINSON, WYNN, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John G. Baker, Federal Public Defender, Megan C. Hoffman, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juliet Nanette Littlejohn appeals the 18-month sentence imposed following the revocation of her supervised release. On appeal, Littlejohn contends that the Government breached the parties' agreement to jointly recommend a six-month sentence. In addition, she claims that the district court failed to address several of her nonfrivolous sentencing arguments. Finally, Littlejohn asserts that the court relied on an impermissible sentencing factor. Finding no reversible error, we affirm.

As Littlejohn concedes, she did not raise her breach argument in the district court. Consequently, plain error review applies. *United States v. Edgell*, 914 F.3d 281, 286, (4th Cir. 2019). "Under that standard, [Littlejohn] must show that the [G]overnment plainly breached its . . . agreement with h[er] and that the breach both affected h[er] substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87.[1]

Littlejohn faults the Government for not directly stating that it was recommending a six-month sentence. But the Government never disputed Littlejohn's representation that the parties were making a joint recommendation, and the district court clearly understood that the recommendation was coming from both sides. Thus, we are unpersuaded by this argument.

---

[1] For purposes of this appeal, we assume without deciding that the contract law principles underlying the enforcement of plea agreements, *see Edgell*, 914 F.3d at 287, apply with equal force to joint sentencing recommendations between the Government and criminal defendants.

2

Littlejohn also complains that the Government's remarks at sentencing focused on her criminal history and proclivity for shoplifting, thereby undermining the agreed-upon recommendation. But by the time the Government began its argument, the district court had clearly signaled its skepticism over the parties' recommendation, emphasizing Littlejohn's "troubling criminal history" and, in the words of the probation officer, her "willingness to habitually commit offenses against the community with little to no regard for the law or the Court." (J.A.[2] 38). With these comments in mind, the Government could not persuasively advocate for a six-month sentence without addressing the negative aspects of Littlejohn's record. So, far from undermining the parties' agreement, the Government wisely engaged with the court's concerns in an attempt to salvage the joint recommendation. We therefore discern no breach of the joint recommendation.

Next, Littlejohn takes issue with the district court's treatment of her sentencing arguments. "A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* at 208 (internal quotation marks omitted).

---

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

Where a defendant "presents nonfrivolous reasons for imposing a sentence outside the [policy statement range], the sentencing [court] must address or consider those arguments and explain why [it] has rejected them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted). Critically, though, "[a]ppellate review is not a game of 'Gotcha!' where we tally up the number of distinguishable arguments a defendant mentioned in the district court and then comb the sentencing transcript for proof the district court mentioned each one by name." *Id.* "Rather, when a district court addresses a defendant's central thesis, it need not address separately every specific claim made in support." *Id.* (cleaned up).

Littlejohn highlights three primary nonfrivolous arguments that, in her view, the district court failed to address. First, she maintains that the court ignored her rehabilitation evidence. True, the court did not mention by name Littlejohn's sobriety, her stable residence, her long-term employment, or any of her other points about rehabilitation. But the court undoubtedly rejected Littlejohn's central thesis, underscoring that Littlejohn's supervision violations arose from the same pattern of conduct for which she was initially prosecuted. Thus, even though Littlejohn had taken some positive steps in her life, the court clearly did not find her to be rehabilitated.

Second, Littlejohn asserts that the district court neglected her serious medical issues. However, Littlejohn's health-related argument was not presented as a basis for mitigation; rather, it was expressly advanced to support her request for voluntary surrender. And, notably, the court granted this request, thereby demonstrating its consideration of this argument.

4

Third, Littlejohn claims that the district court failed to address the possibility that, if given a short sentence, she might be able to keep her job. But this argument necessarily relates back to Littlejohn's broader claim that her steady employment was evidence of rehabilitation. And since the court was unpersuaded by the latter argument, it seems clear why the court was likewise unmoved by the suggestion that it impose a substantial downward variance just so Littlejohn could potentially retain a job that, so far, had not kept her from reoffending. *See United States v. Lester*, 985 F.3d 377, 386 (4th Cir. 2021) ("We will not vacate a sentence simply because the court did not spell out what the context of its explanation made patently obvious: namely, that a shorter prison term was inappropriate under the circumstances." (cleaned up)).

Finally, Littlejohn contends that the district court erred by basing its sentencing decision on the need to promote respect for the law. Littlejohn is correct that promoting respect for the law—an appropriate factor for consideration when imposing an original sentence, *see* 18 U.S.C. § 3553(a)(2)(A)—is not among the § 3553(a) sentencing factors listed in 18 U.S.C. § 3583(e), the statute governing the revocation of supervised release. However, we have previously held that § 3583(e) "does not expressly prohibit a court from referencing" the § 3553(a)(2)(A) factors. *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). Indeed, so long as a revocation sentence is not "based predominately on" the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a

5

revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.[3]

Here, while the district court did discuss the need to promote respect for the law, the court explicitly stated that its primary concern was the need to protect the public from further crimes that Littlejohn might commit. Thus, we reject Littlejohn's claim that the court relied too heavily on the need to promote respect for the law.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Littlejohn questions the viability of *Webb*, claiming that the Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), abrogated *Webb* based on the following statement: "[I]n determining whether to include a term of supervised release, and the length of any such term, Congress has expressly precluded district courts from considering the need for retribution." *Id.* at 2400 (citing 18 U.S.C. § 3583(c); *Tapia v. United States*, 564 U.S. 319, 326 (2011)). We cannot agree. For one, the statement from *Concepcion* dealt with § 3583(c), which is not at issue here. And second, the *Concepcion* statement did not announce a new rule; rather, it merely cited another case, *Tapia*, that was decided two years before our decision in *Webb*.